UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 14-24597-CIV-MORENO

JORGE L. RODRIGUEZ and GLORIA DE
LOS A. FUNDORA,

    Plaintiffs,

vs.

OCEAN FIVE HOTEL, LLC and HASSAN
JALALI-BIDGOLI,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND DENYING MOTION FOR CONTINUATION OF PLAINTIFFS' DEPOSITIONS

This cause came before the Court upon the Defendants' Motion to Compel Production of Documents and Continuation of Plaintiffs' Depositions, filed on July 2, 2015. In this Fair Labor Standards Act case, the Defendants first seek production of the Plaintiffs' cell phone records during their employment to determine whether the Plaintiffs used their telephones for personal use while "on the clock." According to the Defendants, the Plaintiffs' cell phone records will prove that the Plaintiffs were not working during the hours for which they seek payment.

The Plaintiffs believe they are protected by FED. R. CIV. P. 26(b)(1) because, according to the Plaintiffs, producing their cell phone records would be unduly burdensome and expensive. Rather than describing the steps that the Plaintiffs would need to take to obtain their cell phone records, the Plaintiffs rest on their broad assertion that the records are "not easily accessed and printed online." Without any information about why the Plaintiffs' records are uniquely difficult to obtain, the Court must assume that obtaining the records is as easy as signing into the

Plaintiffs' accounts online or calling their cell phone carriers. As such, the Plaintiffs are ordered to tender their cell phone records from their periods of employment to the Defendants by September 8, 2015.

The Defendants also seek the production of the Plaintiffs' resumes, in which the Defendants hope that the Plaintiffs described their positions at the Ocean Five Hotel as managerial positions. This evidence might establish the type of relationship between the Plaintiffs and the Defendants.

The Plaintiffs object to the request because Plaintiff Fundora does not have copies of the resumes she submitted while employed by the Defendants, and Plaintiff Rodriguez cannot access his resume because he has limited computer literacy. The Plaintiffs' subjective inability to perform an objectively unburdensome task does not make the Defendants' request unduly burdensome. The Plaintiffs are therefore ordered to search their computers for their resumes and produce their resumes (if found) by September 8, 2015.[1]

Finally, the Defendants seek to re-depose the Plaintiffs after they comply with this Order. The Court denies the Defendants' request because even though the Plaintiffs are producing relevant evidence, that evidence speaks for itself in the Defendants' favor. Insofar as each "on the clock" phone call proves that the Plaintiffs were not working, the Plaintiffs will be left trying to explain away the negative inferences flowing from that evidence. Likewise, a managerial resume description helps the Defendants' case without explanation. Thus, the Defendants have not shown cause to subject the Plaintiffs to another round of depositions.

---

[1] The Court recognizes that it is possible that the resumes have been deleted, but it is more than likely that a thorough search of the Plaintiffs' computers will yield positive results. If the Defendants believe that the Plaintiffs' search was inadequate, then they may move the Court for production of the Plaintiffs' computers to perform their own search.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of August, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record