UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-24597-Moreno/O'Sullivan

JORGE L RODRIGUEZ, GLORIA DE LOS
A. FUNDORA and all others similarly situated
under 29 U.S.C. 216(b),

       Plaintiffs,

v.

OCEAN FIVE HOTEL, L.L.C., and
HASSAN JALALI-BIDGOLI,

       Defendants.
_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE

Defendants, Ocean Five Hotel, LLC ("Ocean Five") and Hassan Jalali-Bidgoli, oppose the Motions in Limine filed by Plaintiffs Jorge L. Rodriguez and Gloria de los A. Fundora. In further support, Defendants state as follows:

### I. INTRODUCTION

A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds. *See United States v. Brawne*r, 173 F.3d 966, 970 (6th Cir. 1999).

Here, Plaintiffs seek to preclude the introduction of evidence on four subjects:

    i)    "Reference to Plaintiffs or their respective spouses, or significant other, or children ever applying or receiving any government assistance of any kind, including, but not limited to, unemployment compensation."

    ii)   "Reference to liquidated damages."

      iii)    "References to [Plaintiffs' counsel's] Firm's representation of Plaintiffs."

      iv)    "Reference to attorney's fees and costs."

For the reasons set forth below, each of Plaintiffs' Motions in Limine should be denied.

## II. INFORMATION REGARDING UNEMPLOYMENT BENEFITS MAY BE DIRECTLY RELEVANT TO THIS DISPUTE AND SPECIFICALLY, TO PLAINTIFFS' OWN DESCRIPTIONS OF THEIR POSITIONS AT THE HOTEL AND THEIR HONESTY.

Plaintiffs seek to exclude evidence that they sought and received unemployment benefits since their employment with Defendants ended after they were terminated with cause. At the same time, Plaintiffs want to present evidence regarding their job search efforts, including what work Plaintiffs told prospective employers they performed for Defendants when they went on job interviews.

While Plaintiffs believe that their job search efforts and unemployment benefits are irrelevant to this lawsuit about whether Plaintiffs are owed overtime by Defendants, the Motion in Limine must be denied for four reasons:

<u>First</u>, Plaintiffs' own descriptions of their positions at Ocean Five Hotel are clearly relevant to this FLSA action, as this Court already recognized when it granted on Defendants' Motion to Compel and directed Plaintiffs to produce their resumes and documents related to their efforts to seek employment after they were terminated by Ocean Five. *See* D.E. 28, at *2 ("[A] managerial resume description helps Defendants' case without question."). Plaintiffs necessarily described their positions at Ocean Five Hotel when they sought unemployment benefits. This evidence is relevant and should not be excluded.

<u>Second</u>, Defendants allege that Plaintiffs spent time "on the clock" when they were not actually working, and that Plaintiffs seek damages for this time regardless. Plaintiffs may have

used time "on the clock" to seek governmental assistance for themselves or their family members.[1] Plaintiffs denied under oath using <u>any</u> time "on the clock" for non-work purposes; but Defendants believe that testimony was not truthful. Defendants moved to compel Plaintiffs to produce their phone records, which as of this date have not been produced. It is possible that these records will reflect time spent "on the clock" seeking government benefits. Defendants should not be precluded from questioning Plaintiffs about time spent seeking benefits while supposedly "working" for Ocean Five Hotel.

<u>Third</u>, Defendants believe that Plaintiffs may not have been truthful or forthcoming in the process of applying for unemployment benefits. As Plaintiffs testified in their depositions, they were each fully aware that Plaintiffs were both terminated <u>for cause</u>. Normally, when an employee is terminated for cause, that employee cannot then seek unemployment benefits. If Plaintiffs deliberately misled the State of Florida and said that they were <u>not</u> terminated for cause in order to receive unemployment benefits, the evidence is relevant to their propensities to testify truthfully (or not, as the case may be).

<u>Finally</u>, Plaintiffs' Motion in Limine lacks any specificity regarding how Defendants and other witnesses are expected to comply with such an instruction. *See Nguyen v. Kane*, 2009 U.S. Dist. LEXIS 105952, *65 (E.D. Cal. Nov. 12, 2009) ("a motion in limine to exclude evidence is a sufficient manifestation of objection to protect the record on appeal [if it identifies]: (1) a specific legal ground for exclusion is advanced and subsequently raised on appeal; (2) <u>the motion is directed to a particular, identifiable body of evidence</u>; and (3) the motion is made at a time before or during trial when the trial judge can determine the evidentiary question in its appropriate context") (citation omitted) (emphasis added); *Graddy v. City of Tampa*, 2014 U.S.

---

[1]     Plaintiffs are a married couple.

Dist. LEXIS 36072, *15-16 (M.D. Fla. Mar. 19, 2014) ("The other fifteen challenges in the motion in limine do not provide sufficient information for the Court to make a determination as to the merits of Defendants' challenges.").

References to Plaintiffs or their children "ever applying or receiving any government assistance of any kind, including, but not limited to, unemployment compensation" is too vague to exclude particular evidence and would only lead to confusion as to which evidence was admissible and which was not. For instance, evidence relating to Plaintiffs' descriptions of their positions and reasons for termination when seeking unemployment benefits is clearly relevant, but cannot be presented to the jury without referring to the fact that Plaintiffs sought unemployment benefits. Trying to skirt the issue would leave the jury confused because Defendants could never question Plaintiffs how they described their positions at Ocean Five Hotel following their terminations. Likewise, Defendants would be unfairly prevented from inquiring into Plaintiffs' propensities to tell the truth as it relates to the circumstances of their employment. Defendants would like to ask Plaintiffs at trial whether they informed the State of Florida that they were terminated for cause by Ocean Five Hotel when Plaintiffs applied for unemployment benefits, which normally would have prevented Plaintiffs from receiving any such benefits.

For these reasons, Plaintiffs' Motion in Limine to exclude evidence that they sought unemployment benefits should be denied.

### III.  EVIDENCE OF "LIQUIDATED DAMAGES" IS RELEVANT AND NOT PREJUDICIAL.

**A. The Motion in Limine regarding "liquidated damages" is fatally vague.**

Plaintiffs seek to exclude references to "liquidated damages," but fail to specifically identify what particular, identifiable body of evidence they seek to exclude. When a motion in

limine is so vague, it cannot be granted without creating confusion and chaos at trial, as the parties will have to speculate as to whether evidence refers to liquidated damages or not.  *See Nguyen v. Kane*, 2009 U.S. Dist. LEXIS 105952, *65 (E.D. Cal. Nov. 12, 2009).  It appears that Plaintiffs desire to try this case without ever informing the jury that they seek an award of damages from Defendants, or providing any information regarding the relief that they seek.

### B.  Defendants are entitled to present a defense that they acted in good faith.

"[L]iquidated damages [for violations of the FLSA] are mandatory absent a showing by Defendants of good faith."  *Leach v. Johnston*, 812 F. Supp. 1198, 1214 (M.D. Fla. 1992); *accord* Joiner v. Macon, 814 F.2d 1537, 1539 (11th Cir. 1987).  Plaintiffs apparently wish to preclude any reference at trial to the fact that they seek liquidated damages (which double the damage award) in this action.  Such a ruling would prevent Defendants from presenting any evidence that they acted in good faith, and that double damages are unwarranted.  Effectively, Plaintiffs have asked this Court to rule <u>before trial</u> that Defendants cannot present any evidence that liquidated, double damages under the FLSA are unwarranted pursuant to the facts in this case.  Notably, Plaintiffs make this request in a brief Motion In Limine that does not present <u>any</u> factual basis for the Court to make this determination.  Plaintiffs merely state that liquidated damages are an issue to be determined "post-trial."  This is simply not the case; the issue of Defendants' good faith requires trial testimony and argument.  Furthermore, the jury is entitled to hear why the issue of good faith—a determination that they must make—is relevant to the proceeding.  It would be profoundly unfair to grant Plaintiffs liquidated, double damages in this FLSA action <u>before the first fact is presented into evidence</u> regarding Defendants' good faith.  The Motion in Limine should be denied.

5

**V.      PLAINTIFFS SHOULD NOT ASK THE JURY TO IGNORE THE OBVIOUS FACT THAT THEY ARE REPRESENTED BY COUNSEL.**

**A. Plaintiffs cannot expect the jury to ignore the blatantly obvious fact that they are represented by counsel.**

Plaintiffs seek to avoid at trial any "[r]eference to [Plaintiffs' counsel's] Firm's representation of Plaintiffs." The request is absurd; Plaintiffs ask all of the participants at trial to ignore the fact that there are attorneys sitting next to Plaintiffs at their table in the courtroom and that those attorneys represent the Plaintiffs at the trial. How does Plaintiffs' counsel intend to try the case without identifying themselves as attorneys for the parties seeking relief? Plaintiffs make no effort to explain how a trial can be conducted if it ignores the fact that Plaintiffs are represented by lawyers. For this reason alone, the Motion in Limine should be denied. Moreover, the request is vague, ambiguous, and fatally overbroad because it does not identify a specific body of evidence that it seeks to exclude; instead, it seeks to preclude any reference to the fact that Plaintiffs are represented by counsel. *See Nguyen v. Kane*, 2009 U.S. Dist. LEXIS 105952, *65 (E.D. Cal. Nov. 12, 2009).

**B. Defendants will not present evidence related to Plaintiff's entitlement to attorney's fees or the terms of their legal representation.**

Defendants have no intention of referring at trial to Plaintiffs' entitlement to attorney's fees in the event they prevail in this dispute. Likewise, Defendants do not intend to refer at trial to how Plaintiffs retained their counsel or the terms of that representation.

## CONCLUSION

WHEREFORE, Defendants, Ocean Five Hotel, LLC and Hassan Jalali-Bidgoli, respectfully request that this Court enter an order denying the Motions in Limine filed by Plaintiffs in this case.

Dated this 14 day of September, 2015.     Respectfully submitted,

/s/ John B. Rosenquest IV
John B. Rosenquest IV
 Fla. Bar No. 048431
ROSENQUEST LAW FIRM P.A.
 3225 Franklin Avenue, Suite C-101
 Coconut Grove, FL 33133
 Tel: 305-607-5115
 Fax: 305-402-8183
 jrosenquest@rosenquestlawfirm.com

and

Samuel A. Rubert
 Fla. Bar No. 025511
SAMUEL A. RUBERT, P.A.
 3225 Franklin Avenue, Suite C-101
 Coconut Grove, FL 33133
 Tel. (305) 791-4199
 Fax. (888) 344-1798
 srubert@rubertlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2015, I served the foregoing by E-Service upon the following counsel on the Service List below.

/s/ John B. Rosenquest IV
John B. Rosenquest IV

## SERVICE LIST

J.H. Zidell, Esq.
Rivkah Jaff, Esq.
J.H. Zidell P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
zabogado@aol.com
david.kelly38@rocketmail.com
rivkah.jaff@gmail.com

*Attorneys for Plaintiffs*